IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD B. HANCOCK,            )
                               )    Civil No. 06-1681-ST
        Petitioner,            )
                               )
    v.                         )
                               )
SHARON BLACKETTER,             )
                               )    FINDINGS AND RECOMMENDATION
        Respondent.            )

    Kristina Hellman
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Lester R. Huntsinger
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He seeks to challenge his underlying state court convictions on the basis that he suffered from the ineffective assistance of trial counsel. For the reasons which follow, the Petition for Writ of Habeas Corpus (docket #2) should be denied.

## BACKGROUND

On December 6, 2003, authorities from the Lane County Sheriff's Office were dispatched to a residence following a report of domestic abuse. When deputies arrived at the scene, Tracy Ditmars indicated that petitioner, her long-time boyfriend, had "grabbed her head and twisted it violently," struck her several times with an open hand, and choked her. Respondent's Exhibit 104, p. 14. Petitioner fled the scene before the authorities arrived, and Ditmars barricaded herself in the residence with furniture "to block the defendant from coming back in, because he believed that she had in fact called the police." *Id* at 14-15.

The following day, petitioner returned to the residence, entered through a window, and again assaulted Ditmars resulting in a bloody nose, swelling around her right eye, and an abrasion on her right cheek. *Id* at 15. Ditmars called 911, and when authorities arrived at the residence, they found her hiding outside in the bushes, partially dressed, and holding a firearm. *Id* at 15-16. Petitioner initially barricaded himself in the home and refused the

2 - FINDINGS AND RECOMMENDATION

deputies' instructions to vacate the residence. When he finally exited the home, he denied assaulting Ditmars but noted that "she needed to be beaten." *Id* at 16.

Based on these incidents, on December 15, 2003, the Lane County Grand Jury indicted petitioner on three counts of Felony Assault in the Fourth Degree, Burglary in the First Degree, Coercion, Escape in the First Degree, Menacing, and Criminal Mischief in the Second Degree. Respondent's Exhibit 102. On March 24, 2004, petitioner pled guilty to two counts of Assault in the Fourth Degree, Attempted Coercion, and Criminal Mischief in the Second Degree. Respondent's Exhibit 103. Following the acceptance of these pleas, but before sentencing, Ditmars recanted her accusations:

> Your Honor, there is a lot I would like to say. We were both drunk and on pills, and I had been in the hospital for two weeks with pneumonia. I had just gotten home. My face was messed up because I was on a respirator for four days, not because he beat me, because he didn't beat me.
>
> He came home to take care of my dad, because neither one of my sisters -- I had to stay in a hospital [in] California for two weeks. He don't deserve the time that he's getting. He didn't beat me. We were arguing maybe. Maybe we scared my dad. He's the one that called 911. But he didn't beat me. He didn't touch me at all. All we were doing was arguing. And that's about all I can say.

Respondent's Exhibit 104, p. 17.

Following the victim's statement, petitioner told the court: "I have to take the deal. If I lose in trial I get more time. That's what I'm doing. That's all I can say." *Id* at 19. The parties

3 - FINDINGS AND RECOMMENDATION

stipulated to upward departure sentences on the Assault in the Fourth Degree charges, resulting in consecutive sentences of 40 and 60 months, respectively. *Id.* The court also imposed concurrent 12-month sentences for Attempted Coercion and Criminal Mischief in the Second Degree. *Id* at 20.

Petitioner did not file a direct appeal, but filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief. Respondent's Exhibits 105, 114-15. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Hancock v. Blacketter*, 206 Or.App. 520, 138 P.3d 62, *rev. denied*, 341 Or. 244, 142 P.3d 72 (2006).

Petitioner filed this habeas corpus action on November 27, 2006. In his Petition for Writ of Habeas Corpus, petitioner alleges that he suffered from the ineffective assistance of counsel in three particulars: (1) trial counsel coerced petitioner's guilty plea even though the victim ultimately recanted; (2) counsel failed to object to the upward departure sentences which allegedly violated the Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296 (2004); and (3) counsel failed to inform petitioner that the departure sentences were not legal, rendering his guilty plea involuntary.

///

///

4 - FINDINGS AND RECOMMENDATION

**DISCUSSION**

I. **Unargued Claims**

Petitioner provides briefing to support only his first claim. He does not provide argument to support his other two claims raised in his Petition, nor does he attempt to refute the State's arguments in its Response that these claims are procedurally defaulted.  The court has nevertheless reviewed petitioner's those two claims and determined that they do not entitle him to relief.  *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

II. **Petitioner's Supplemental Exhibits**

Petitioner offers two exhibits in support of his Petition.  As Petitioner's Exhibit 1, he offers a notarized letter from Ditmars to the Attorney General claiming that the crimes at issue did not occur and that petitioner was not adequately represented at trial. Petitioner also offers, under seal, medical records from the Lane County Jail as Petitioner's Exhibit 2.  It appears that petitioner offers both exhibits pursuant to Rule 7 of the Rules Governing Section 2254 Cases.

Rule 7 provides that this court "may direct that the record be expanded by the parties by the inclusion of additional materials

5 - FINDINGS AND RECOMMENDATION

relevant to the determination of the merits of the petition." According to the advisory note to Rule 7, the purpose of expanding the record "is to enable the judge to dispose of some habeas petitions . . . without the time and expense required for an evidentiary hearing" or to be "helpful when an evidentiary hearing is ordered."

A habeas litigant attempting to expand the record under Rule 7 is held to the same requirements as if he were seeking an evidentiary hearing. *Holland v. Jackson*, 542 U.S. 649, 653 (2004); *Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir. 2005). Accordingly, if petitioner has failed to diligently develop his evidence in the state courts, he is only allowed to present the evidence in a federal habeas court if his claim relies on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(i) and (ii). In addition, the facts underlying the claim must be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2254 (e)(2)(B).

The PCR trial judge found Petitioner's Exhibit 1 to be untimely, noting that he had been informed by "Judge Yraguen, who is

6 - FINDINGS AND RECOMMENDATION

the administrator of this program at the moment, that untimely documents should not be received." Respondent's Exhibit 114, p. 4. However, the PCR trial judge proceeded to receive the exhibit and advised counsel that they could "fight about it later on as to whether or not it will be considered as part of the evidence." *Id.* When he later ruled on the merits of the case, the PCR trial judge referred to Petitioner's Exhibit 1 by noting that he had "read over everything that I've gotten, including the exhibit that was just tendered which is a letter, assertedly, from Ms. Ditmars," and then stating: "The later recantations are -- effectively, we're not going to retry this case. So I am denying the petition, and I'll sign the judgment to that effect." *Id* at 8. Thus, it appears that the PCR trial court did not reject Petitioner's Exhibit 1 as untimely, but considered it when making its decision. Because that document was received and considered, this court will consider it in the current action. *See Holland*, 542 U.S. at 652 ("whether a state court's decision was unreasonable must be assessed in light of the record the court had before it.").

Petitioner's Exhibit 2 was not offered at any time during the PCR proceedings. Petitioner neither identifies any efforts he made to develop such evidence in his state court proceedings, nor explains why this document should now be admissible in a federal habeas proceeding. Based on the availability of this evidence during petitioner's state court proceedings, the court finds

7 - FINDINGS AND RECOMMENDATION

petitioner failed to exercise diligence in developing it below. As he cannot met the stringent requirements of § 2254(e)(2), Petitioner's Exhibit 2 is not properly before the court and will not be considered.

### III. The Merits

As his sole remaining claim, petitioner alleges that trial counsel was ineffective because he recommended petitioner plead guilty even though the victim had recanted her earlier statements.

#### A. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court

8 - FINDINGS AND RECOMMENDATION

and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

### B. Analysis

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would

9 - FINDINGS AND RECOMMENDATION

not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner argues that Ditmars' recantation offered him a valid defense: either the victim was not believable because her story had changed, or petitioner was innocent based on the victim's recantation. He asserts that counsel's rejection of this approach and advice to plead guilty was improper, and that his own mental impairment during the period in question made it impossible for him to challenge counsel's erroneous advice.

The PCR trial court made the following findings with respect to this claim:

> The -- I make the general finding that he has not established any of the allegations of the petition. There was an adequate investigation and, really, he pled guilty. And the trial judge did a very good job of going through all of the processes and explaining it, and he, in fact, admitted to the charges that he was pleading to, stipulated to a sentence, so that, essentially, is beyond challenge at this point.
>
> The later recantations are -- effectively, we're not going to retry this case. So, I am denying the petition, and I'll sign the judgment to that effect. Thank you.

Respondent's Exhibit 114, p. 8.

Petitioner testified in his PCR trial that Ditmars recanted her earlier statements approximately one month after his arrest on December 7, 2003, but he did not plead guilty until March 24, 2004. Respondent's Exhibit 109, pp. 13, 16-17. Accordingly, petitioner knew well before he entered his pleas that Ditmars had recanted, but

10 - FINDINGS AND RECOMMENDATION

nevertheless proceeded to plead guilty. Aside from petitioner's own statements, there is no evidence in the record properly before the court that petitioner's guilty pleas were the result of any mental impairment.

Petitioner's chances of success at trial were low given the evidence which the prosecution could have presented. As discussed above, there was ample physical evidence that Ditmars had been assaulted, and petitioner's odd behavior when confronted by deputies would not have been helpful to his case. The Lane County Sheriff's deputies who interviewed Ditmars and arrested petitioner could have testified for the prosecution and produced their police reports at trial. In addition, the victim's emergency room record of treatment and any history given by her could have been admitted under the Oregon Rules of Evidence. ORE 803(4).

Petitioner also faced the possibility of adverse eyewitness testimony by Ditmars' father and daughter, both of whom were living with Ditmars at the time of the assaults. Respondent's Exhibit 104, p. 14. At a minimum, Ditmars' father observed the December 6, 2003 assault on his daughter and participated in the 911 call to the authorities. *Id.* It is unclear from the record whether he witnessed the second assault occurring the following day, or whether Ditmars' daughter witnessed either of the assaults.

Petitioner has never been able to offer an alternative explanation for Ditmars' injuries. Apparently he has no

11 - FINDINGS AND RECOMMENDATION

recollection of these events because he testified during his PCR deposition that "I was out of my mind, so I don't even remember hardly anything." Respondent's Exhibit 109, p. 16. Thus, petitioner could not have provided any meaningful testimony to support his defense.

Even if he could have recalled something that might have been helpful to his defense, it is highly unlikely petitioner would have taken the stand. Petitioner testified during his PCR deposition that he had several prior convictions on his record at the time of the assaults on Ditmars, and admitted that the prior convictions would not "put [him] in a very good light in front of the jury. . . ." *Id* at 18.

In light of all of this evidence, Ditmars' recantation was not credible and subject to impeachment. Counsel advised petitioner to plead guilty because the recantation was irrelevant to his case, and he faced 23 years in prison if convicted of the charges he faced. Respondent's Exhibit 109, pp. 7, 16. The court finds this to be strategically sound advice since a trial would likely have resulted in petitioner's conviction and led to a sentence significantly longer than the 8.3-year sentence he received following his guilty pleas.[1] Because counsel's recommendation to plead guilty fell within

---

[1] Although petitioner questions the State's ability to prove the Coercion and Menacing charges in the absence of any cooperation from Ditmars, petitioner did not plead guilty to either charge. Of those two charges, he pled guilty to the lesser charge of Attempted Coercion which resulted in a concurrent 12-month sentence which did not affect his overall prison term. In addition, petitioner did not run the risk of a guilty finding on the more serious charges of Burglary in the First Degree and Escape in the First Degree. *See* ORS 164.225(2) (Burglary I is a Class A felony); ORS 162.165 (Escape I is

12 - FINDINGS AND RECOMMENDATION

the "wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, the state court decisions denying on this claim did not involve an unreasonable application of clearly established federal law.

## **RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #2) should be DENIED, and judgment should be entered DISMISSING this case with prejudice.

## **SCHEDULING ORDER**

Objections to these Findings and Recommendation(s), if any, are due December 4, 2007. If no objections are filed, then the Findings and Recommendation(s) will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district judge and go under advisement.

DATED this <u>16th</u> day of November, 2007.

/s/  Janice M. Stewart
    Janice M. Stewart
    United States Magistrate Judge

---

a Class B felony); ORS 161.605 (Class A felony maximum sentence is 20 years; Class B felony maximum sentence is 10 years).

13 - FINDINGS AND RECOMMENDATION